VARGAS *v.* GISPERT.

APPEAL from the District Court of Ponce.

No. 344.—Decided March 4, 1909.

ACKNOWLEDGED NATURAL CHILD—SUPPORT OF MOTHER AND CHILD—MONTHLY PENSION.—According to section 190 of the Revised Civil Code, the father is. obliged to support the mother and the child until the latter has arrived at. the age of 18 years, by allowing them a monthly pension.

ID.—MONTHLY ALLOWANCE—MAINTENANCE IN ONE'S OWN DWELLING—CON-
STRUCTION OF THE LAW.—The provisions of sections 217 and 218 of the Re-
vised Civil Code are not applicable to the support of a natural child and his
or her mother, which is governed by section 190 of the same Code; where-
fore, the illegitimate father has not the right of election established under
section 218.

PATERNAL AUTHORITY—ILLEGITIMATE CHILDREN—ACQUIRED RIGHTS.—According
to section 222 of the Revised Civil Code, the *patria potestas* over illegitimate
children belongs to the father and the mother, without giving any prefer-
ences to either, and as amended by the Law of March 14, 1907, it cannot
prejudice the rights acquired by the mother who already had paternal power
over her child when said law was enacted.

The facts are stated in the opinion.

*Mr. Sepúlveda* for appellant.

The party respondent did not appear.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is a suit brought by the respondent, for herself and on behalf of her minor son, Pedro, against the appellant, for two purposes to wit:

"1. That the defendant, Pedro Gispect y Geli, should acknowledge as his son, a child named Pedro, who is about three years old, and was procreated while the defendant lived in concubinage with the plaintiff; and

2. That the said defendant should maintain the mother and the aforesaid child, until the latter had reached the age of 18 years, paying them an allowance to the amount of $30 per month."

The district court, on the 6th day of October, 1908, rendered the following judgment, to wit:

"It seems that the parties agree to acknowledge the child, Pedro, as their son. Therefore, the child, Pedro, is, by this judgment declared to be the legitimate son of the defendant and of the plaintiff, with the right to use the surname of the former. With regard to the custody of the child, it seems for the present to be better that he remain under the care of the mother. The latter shall, in future, abstain from any quarrel with the defendant; and if she should have reasons to complain of him, she may come before the court. For the present, and during the good behavior of the mother, the child shall remain in her custody, and the defendant shall pay to the plaintiff an allowance of $12 per month, until further order of the court."

From this judgment the defendant appealed; but in his brief limits his appeal to that part only in so far as the judgment orders that the defendant shall support the mother and the child until the latter attains the age of 18 years by paying them a monthly stipend of $12 for their maintenance.

The appellant also contends that inasmuch as he has recognized the child as his illegitimate son, he should have the care and custody of him and be permitted to support and educate him in his own house; but denies all liability for the support of the mother, his former concubine.

No brief has been filed for the respondent; nor has any attorney appeared in her behalf, although the counsel for appellant presented the case in oral argument and filed an extensive brief elaborating all the points relied on for a reversal.

There is a full statement of the case properly prepared, agreed to by the attorneys of both parties and approved and signed by the district judge. The principal facts are conceded by both parties, though some of the minor facts as to treatment of the child by his mother are disputed and the evidence in regard to them is contradictory and irreconcilable. The witnesses for the plaintiff, in the court below, seem to have given the most credible and satisfactory testimony, and since the court below evidently gave it preference we will take it as established that the child was not mistreated by his mother. It seems that she is a laundress and seamstress, depending on her daily labors for the sustenance of herself and child, and that at times she probably indulges in indecorous language, and on one occasion came to the bakery of the appellant and abused him severely and to such an extent as to lead to her arrest for a breach of the peace; though she was never convicted or punished therefor.

Inasmuch as the defendant in his answer admits that the child, Pedro, is his natural son, three years of age, born during

the time when his mother was living in concubinage with the appellant and limits his appeal accordingly, the only question which we have to decide is whether or not a child so situated should be delivered to the father and left in his exclusive care and custody and that he be subject to his paternal power in order that the father may fulfill all the duties annexed to the *"patria potestas."*

The natural father claims the right to maintain the child which he acknowledges to be his son by supporting him in his own house, instead of paying the monthly allowance, fixed by the court, of $12, to the mother for the boy's maintenance.

Can the father of an illegitimate son, three years old, who has been ordered to pay $12 per month to his unmarried mother for his maintenance, and who acknowledges the paternity of the child, escape the payment of the money by asking the court to award him the custody of the child, and offering to support him in his own house? This question must be answered in the negative.

Article 190 of the Civil Code imposes on the father of an illegitimate child the duty of supporting the mother and the child until the latter attains the age of 18 years.

The father of the illegitimate child cannot claim to have the alternative referred to in article 218 of the said code, for, by supporting the child in his own dwelling, he would prevent the mother from giving it the first and most urgent care with the means granted to the child, and therefore he would not support her as prescribed in article 190. It woud be immoral, under such circumstances, for the mother and the child to go and live in the father's home.

In support of the doctrine which we have stated, we may cite the judgment of the Supreme Court of Spain, of the 25th of November, 1899, construing section 149 of the Spanish Civil Code, which is section 218 of our Revised Code. And attention may be called to the fact that the Spanish Civil Code

does not contain the provisions of section 190 of the code which is in force in Porto Rico.

Article 222 of the Revised Code acknowledges in definite terms that the paternal power belongs to the father and the mother without giving any preference to either; and as amended by the Law of March 14, 1907, it cannot prejudice the rights acquired by the mother who already had paternal power over her child on the date of the approval of said law.

As to the apparent conflict between sections 190, 217 and 218 of the Civil Code, it must be reconciled if possible, so as to give effect to each and all of them. The first-named section (190) treats of "illegitimate children," and the two last (217 and 218) of "the support of relatives." So it is clear that the first is specific and the second general in their application. Then where there is an apparent conflict the specific must be followed to the exclusion of the general; and this appears to have been the view taken by the district judge; and his action should be affirmed. (*Townsend* v. *Little,* 109 U. S., 512.)

The statutes on this subject are framed, not for the convenience or benefit of the parents, or either of them, but for the benefit of the unfortunate child which they have brought into the world.

It seems to me clear that this case should be affirmed notwithstanding the claim made by the plaintiff. The order of the judge committing the child to the custody of the mother is only temporary and can be revoked or modified at any time.

It is manifestly for the benefit of this little boy, of such tender years, that he should have the loving care of a mother, who, though she may not be all that she should be, is the one who bore him and who no doubt loves him better than the father to whose immorality he owes his existence. The benefit of the child is subserved by the judgment rendered by the District Court of Ponce, and if any error has been committed therein it is in fixing the monthly stipend at too small a sum.

On a careful review of the law and the facts of the whole case, we are clearly of opinion that the judgments should be affirmed.

*Affirmed.*

Justices Hernández, Figueras and Wolf concurred.

Mr. Chief Justice Quiñones did not sit at the hearing of this case.